George H. Wolfe v. Commissioner. Dorothy E. Mackenzie v. Commissioner. M & R Products, Inc. v. Commissioner.
George H. Wolfe v. Commissioner
Docket Nos. 15299, 15300, 15579.
United States Tax Court
1953 Tax Ct. Memo LEXIS 251; 12 T.C.M. (CCH) 519; T.C.M. (RIA) 53170; May 15, 1953
*251 Warren Roberts, Esq., and Llewellyn A. Luce, Esq., Munsey Building, Washington, D.C., for the petitioners. Rigmor O. Carlsen, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies as follows: Doc. No.
Petitioner
Year
Kind of Tax
Deficiency
15299
George H. Wolfe
1943
Income & Victory
$38,422.88
15300
Dorothy E. Mackenzie
1943
Income & Victory
35,338.11
15579
M. & R Products, Inc.
6/30/44
Excess Profits
78,268.27 The parties are now in agreement on all issues raised in the case of the corporation and upon all but one issue raised in the cases of the two individuals. The only issue left by them for decision by the Court is the amount of a reasonable allowance for exhaustion (including a reasonable allowance for obsolescence) for 1942 and 1943 of two patents upon which the petitioners each had a basis of $39,998.18. Findings of Fact The petitioners filed separate individual income tax returns on a fiscal year basis, covering the period involved herein, with the collector of internal revenue for the First District of New York. The two patents upon which depreciation *252 is claimed are No. 2,278,798, granted on April 7, 1942, relating to a device to produce gas for an internal combustion engine from charcoal or similar substances, and No. 2,296,970, granted on September 29, 1942, relating to a carburetor or fluid mixer, to be used in connection with the gas producer. The basis of each petitioner for gain or loss on the two patents was $39,998.18. The Commissioner, in determining the deficiencies, allowed each petitioner a deduction of one-seventeenth of the basis of the patents for each year instead of the one-fifth claimed for each twelve month period. A reasonable allowance for exhaustion (including a reasonable allowance for obsolescence) of the patents for each petitioner is $7,000 for 1942 and $11,000 for 1943. Opinion MURDOCK, Judge: The evidence indicates that at the end of 1942 it was reasonable to anticipate that these two patents would become obsolete within a few years and at the end of 1943 it was reasonable to anticipate that their usefulness and value would not extend beyond some time in 1945. The Court has considered all of the evidence in fixing the amounts allowable as deductions under section 23 (1). Decisions will be *253 entered under Rule 50.